[704 NYS2d 132]

In the Matter of STEVEN M. ORBON (Admitted as STEVEN MICHAEL ORBON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Département, March 13, 2000

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Dianne M. Saccone* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The respondent was served with a petition containing two charges of professional misconduct. The Special Referee sustained both charges after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge One alleged that the respondent converted escrow funds entrusted to him as attorney for Vera Sundberg. The respondent was retained in 1991 with respect to the estate of Ms. Sundberg's father, John Angelone. The complainant, in her capacity as executrix, sold Mr. Angelone's home. The respondent represented her in this matter. The closing occurred on December 10, 1991. The respondent retained $6,000 from the proceeds of the closing in his attorney escrow account in order to obtain the release of lien on the real property from the New York State Tax Commission and to pay potential estate tax liabilities.

Ms. Sundberg submitted a complaint to the Grievance Committee on January 13, 1998, stating that she recently became aware that the estate tax was never paid, and that her calls seeking an explanation from the respondent were not returned. In his answer, the respondent stated that after being contacted by Michael Lygnos, an attorney representing the complainant regarding payment to the New York State Tax Commission, he searched his files and determined that an application for release of the lien had been mailed. However, it appeared that the checks for the application fee and estate tax were never cashed, inasmuch as there was $5,925 still in escrow.

By letter dated May 13, 1998, Grievance Counsel requested that the respondent produce escrow records evidencing preservation of that sum from the date of the closing to the present. The respondent failed to produce the requested records, resulting in a subpoena upon Fleet Bank for the account statements from the respondent's escrow account.

The balance in the respondent's escrow account fell below the $5,925 required to be preserved by the respondent for the following periods: February 29, 1992 through May 31, 1994; July 29, 1994 through August 31, 1994; September 20, 1994 through August 31, 1995; May 31, 1996 through July 31, 1997; and August 30, 1997 through September 30, 1997. By failing to

preserve the escrow deposit for the entire period between the time of closing to the point that the respondent ascertained that the checks sent to the New York State Tax Commission were never negotiated, the respondent violated Code of Professional Responsibility DR 1-102 (a) (1), (4) and (8) (now [7]) (22 NYCRR 1200.3 [a] [1], [4], [7]).

Charge Two alleged that the respondent commingled personal funds and funds obtained incident to his law practice. Michael Lygnos apprised the respondent on or about December 5, 1997 that his client, Vera Sundberg, was aware that the New York State Tax Commission had not been paid. On or about December 8, 1997, the respondent deposited $8,000 of his personal funds into his attorney escrow account at Fleet Bank. By commingling personal funds with funds obtained incident to his law practice, the respondent violated Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]).

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained both charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent brought out at the hearing his total lack of venality, his reputation for integrity, and the personal turmoil he was experiencing at the time of these events, including the illness and death of his mother and a bitter dispute with his siblings over the house in which he was residing. The respondent admits having received one letter of caution regarding advising a family friend about an estate. Notwithstanding the mitigation advanced, the respondent is guilty of serious escrow violations, which warrant his disbarment.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven M. Orbon, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Steven M. Orbon is commanded to desist and refrain

from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.